



FILED
2013 JAN -2 A 11: 24
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 ROCKY C. TSAI (SBN 221452)
rocky.tsai@ropesgray.com
2 ROPES & GRAY LLP
Three Embarcadero Center, Ste 300
3 San Francisco, California 94111-4006
Tel:   (415) 315- 6300
4 Fax:   (415) 315-6350

5 Attorneys for Defendants
FENWAY PARTNERS, LLC; LAURA HENDRICKS;
6 GEORGE MANEY

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES JACKSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FENWAY PARTNERS, LLC; LAURA HENDRICKS; GEORGE MANEY; and DOES 1-20,<br><br>Defendants. | Case No. C 13  0005  EDL<br><br>Removed from:<br>Superior Court of the State of California<br>County of San Francisco<br>Civil Case No.: CGC-12-526564<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1334 AND 1452** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Fenway Partners, LLC ("**Fenway**"), Laura Hendricks, and George Maney (collectively, "**Defendants**")[1] hereby remove the above-entitled action, which was filed in the Superior Court of the State of California, County of San Francisco

---

[1] Defendants specifically appear only for the purpose of removal, subject to and without waiving any defenses and rights available to them, including, without limitation, all defenses with respect to personal jurisdiction and otherwise.

NOTICE OF REMOVAL

(the "**Superior Court**") as Civil Case No. CGC-12-526564, and all claims and causes of action therein (the "**Action**") to the United States District Court for the Northern District of California. As grounds for removal, Defendants state as follows:

## JURISDICTION

1. This Action may be removed pursuant to 28 U.S.C. § 1452(a) because it is "related to" pending Title 11 bankruptcy proceedings, and this Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

2. Venue lies in this Court because this Action was filed within this district and division, in the County of San Francisco. Venue will be, and is, subject to a motion by Defendants to transfer venue from this Court to the United States District Court for the District of Delaware. This Court has jurisdiction and power to transfer this Action to the District of Delaware, where venue will be proper under 28 U.S.C. § 1334(b) because this Action is related to pending Title 11 bankruptcy proceedings that were commenced within that district.

3. This Action would then be referred to the United States Bankruptcy Court for the District of Delaware pursuant to the Amended Standing Order of Reference dated February 29, 2012 (Sleet, C.J.), which provides "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district."

## PROCEDURAL HISTORY

4. On or about December 3, 2012, plaintiff James Jackson ("**Plaintiff**") filed a complaint (the "**Complaint**") in the Superior Court, on behalf of a putative class consisting of all persons who were employed as bus operators by the Defendants within the applicable statute of limitations. The Complaint alleges that the Defendants engaged in an unlawful pattern and practice of failing to (a) provide meal and rest breaks and (b) pay its bus operators for all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., California Labor Code, California Business and Professions Code §§ 17200 et seq., and the California Industrial Welfare Commission Order No. 9-2001. A copy of the Complaint is attached hereto as **Exhibit A**.

NOTICE OF REMOVAL

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(a) ("RELATED TO" BANKRUPTCY JURISDICTION)

5. On January 3, 2012, Coach Am Group Holdings Corp. and certain of its related entities (collectively, the "**Coach Debtors**")[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (collectively, the "**Coach Chapter 11 Cases**"). The Coach Chapter 11 Cases are being jointly administered for procedural purposes only as *In re Coach AM Group Holdings Corp., et al.*, Case No. 12-10010 (KG) (Bankr. D. Del.) (KG).

6. Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are related to cases under title 11 of the United States Code (the "**Bankruptcy Code**").

7. The statutory grant of "related to" jurisdiction under 28 U.S.C. § 1334(b) is quite broad. Courts in the Ninth Circuit generally apply the "conceivable effect" test to determine whether an action is related to bankruptcy. *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the Third Circuit's articulation of the test in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124

---

[2]  The Coach Debtors are: Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); CUSA Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); CUSA Dillon's, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); CUSA LL, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784).

(1995)).

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz*, 852 F.2d at 457 (quoting *Pacor*, 743 F.2d at 994 (emphasis in *Pacor*)).

    8.    Under the "conceivable effect" test, "the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994. *See also W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.)*, 591 F.3d 164, 171 (3d Cir. 2009) ("To understand the limits of related-to jurisdiction, it is helpful to look at the case in which we adopted the 'any conceivable effect' test for finding such jurisdiction"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 226 (3d Cir. 2004) (describing the *Pacor* test as "seminal"). Indeed, "related to" jurisdiction does not require that any of the parties to this Action be debtors in a case under the Bankruptcy Code. *See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 BR 302, 308-12 (C.D. Cal. 2010) (in action by mortgage-backed securities purchaser against seller, "related to" bankruptcy jurisdiction existed notwithstanding fact that "all parties to this lawsuit are non-debtors"); *Lone Star Fund V (U.S.), LP. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010) ("related to" bankruptcy jurisdiction existed based on bankruptcy proceeding of third-party debtor because indemnity obligations of third-party debtor to seller were "sufficient to create a dispute that is "related to" [third-party debtor's] bankruptcy").

    9.    While "related to" jurisdiction is not limitless, it is well-accepted that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 381 (3d Cir. 2002) (quoting *Celotex Corp. v.*

*Edwards*, 514 U.S. 300, 308 (1995)). Moreover, "related to" jurisdiction may exist where there is an identity of interests between a debtor corporation and its non-bankrupt officers or directors, such that allowing the suit to proceed against the directors or officers would essentially be allowing the suit to proceed against the bankrupt debtor. *See Belcufine v. Aloe*, 112 F.3d 633, 637 n.5 (3d Cir. 1997) (citing *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 857 (6th Cir. 1992)). *See also McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997) (courts have extended automatic stay protection to non-bankrupt co-defendants where in litigation against them, the debtor is the real party in interest).

10. "Related to" jurisdiction exists here because the allegations in the Complaint do not constitute claims against the Defendants. Rather, they constitute claims against one or more of the Coach Debtors, who directly employed Plaintiff and other members of the putative class.

11. Furthermore, where the debtor has an obligation to indemnify the non-debtor defendant, a plaintiff's claim against a non-debtor defendant is "related to" the bankruptcy proceeding because of the conceivable effect on the bankrupt estate. *See Pacor*, 743 F.2d at 995; *In re River Center Holdings, LLC*, 288 B.R. 59, 65 (S.D.N.Y. 2003) ("[E]ven if the obligation is not contractual and absolute, 'related to' jurisdiction exists if the disputed or conditional indemnity claim has a 'reasonable legal basis.'"). Because the claims raised in the Complaint are actually claims against the Coach Debtors, the Coach Debtors may be obligated to indemnify Fenway in this Action. In addition, the Coach Debtors may be obligated to indemnify the other Defendants in this Action pursuant to the bylaws of Coach Am Group Holdings Corp. Thus, allowing the Action to proceed against the Defendants would be tantamount to allowing the suit to proceed against the Coach Debtors. Therefore, the outcome of this Action will alter the Coach Debtors' rights and liabilities, and will impact the handling and administration of the Coach Debtors' bankruptcy estates.

12. Accordingly, this Action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1452(a) because this Action is "related to" the Coach Chapter 11 Cases and this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b).

## TIMELINESS OF REMOVAL

13. As discussed above, the Coach Chapter 11 Cases give rise to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), providing a basis for removal under 28 U.S.C. § 1452(a). Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), "[i]f a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons." Fed. R. Bankr. P. 9027(a)(3).

14. The Complaint was filed on December 3, 2012. Defendants received a copy of the Complaint at the earliest on or about December 6, 2012. Accordingly, because this Notice of Removal was filed within thirty days after the earliest date of receipt of the Complaint by Defendants, removal is timely under Bankruptcy Rule 9027.

## PROCEDURAL REQUIREMENTS

15. All Defendants consent to the Removal of this Action. As required by Bankruptcy Rule 9027(a)(1), the undersigned has signed this Notice of Removal pursuant to Bankruptcy Rule 9011.

16. As required by Bankruptcy Rule 9027(a)(1), this Notice of Removal contains a short and plain statement of the facts which entitle Defendants to remove this Action. A copy of the Complaint is attached hereto as Exhibit A. Defendants reserve the right to submit additional evidence and argument as needed to supplement this short and plain statement of the grounds for removal required under Bankruptcy Rule 9027(a)(1).

17. This Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O) as it relates directly to the liquidation of contingent, disputed and unliquidated claims.

18. Pursuant to Bankruptcy Rule 9027(b) and (c), Defendants will serve a copy of this Notice of Removal on counsel for all parties to this Action and will file a copy of this Notice of Removal with the clerk of the Superior Court.

## CONCLUSION

19. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b) and this Action is removable pursuant to 28 U.S.C. § 1452(a).

Dated: January 2, 2013

Respectfully submitted,

ROCKY C. TSAI
ROPES & GRAY LLP

By: _/s/ Rocky C. Tsai_____
Rocky C. Tsai

Attorneys for Defendants
FENWAY PARTNERS, LLC; LAURA HENDRICKS; GEORGE MANEY

NOTICE OF REMOVAL