

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

**Document Scanning Lead Sheet**

Dec-03-2012 1:45 pm

Case Number: CGC-12-526564

Filing Date: Dec-03-2012 1:33

Filed by: MEREDITH GRIER

Juke Box: 001    Image: 03859813

COMPLAINT

JAMES JACKSON VS. FENWAY PARTNERS, LLC et al

001C03859813

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THE TIDRICK LAW FIRM
STEVEN G. TIDRICK (224760); JOEL B. YOUNG (236662)
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
TELEPHONE NO: (510) 788-5100       FAX NO: (510) 291-3226
ATTORNEY FOR (Name): Individual and Representative Plaintiff James Jackson

**F I L E D**
*FOR COURT USE ONLY*
San Francisco County Superior Court
DEC 0 3 2012
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Jackson v. Fenway Partners, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-12-526564 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: ___   DEPT: ___ |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 8 (Violations of FLSA, Failure to Pay Straight Time/Overtime, etc.)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 3, 2012

Steven G. Tidrick, Esq.
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

NO
SUMMONS ISSUED

**FILED**

San Francisco County Superior Court

DEC 0 3 2012

CLERK OF THE COURT
BY: _____
Deputy Clerk

1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California 94704
   Telephone: (510) 788-5100
4  Facsimile:  (510) 291-3226
   E-mail:   sgt@tidricklaw.com
5
   Attorneys for Individual and Representative
6  Plaintiff James Jackson

7
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                         COUNTY OF SAN FRANCISCO
9
                         UNLIMITED JURISDICTION CGC-12-526564
10
11 JAMES JACKSON, on behalf of himself and        Civil Case No.: _____
   all others similarly situated,
12                                                 COLLECTIVE AND CLASS ACTION
                  Plaintiff,                       COMPLAINT FOR VIOLATIONS:
13                                                   (1) FAIR LABOR STANDARDS ACT;
          v.                                         (2) CALIFORNIA LABOR CODE;
14                                                   (3) CALIFORNIA INDUSTRIAL
   FENWAY PARTNERS, LLC; LAURA                           WELFARE COMMISSION WAGE
15 HENDRICKS; GEORGE MANEY; and                          ORDERS; and
   DOES 1-20,                                        (4) CALIFORNIA'S UNFAIR
16                                                       COMPETITION ACT, BUS. &
                  Defendants.                            PROF. CODE §§ 17200 et seq.
17
                                                   **JURY TRIAL DEMANDED**
18
19
20
21        Plaintiff James Jackson, on behalf of himself and all others similarly situated, and all
22 others who consent to become Party Plaintiffs, allege as follows:
23                                **NATURE OF THE CASE**
24        1.       Plaintiff was formerly employed as a bus operator (hereinafter "operator" or
25 "operators") by Defendant Fenway Partners LLC (formerly doing business as Coach Am
26 Group Holdings Corp. (hereinafter "Coach America")) and seeks to represent other current
27 and former operators providing fixed route shuttle services in this collective and class action
28 against Fenway Partners LLC (hereinafter "Fenway"), Laura Hendricks, and George Maney

1   (collectively hereinafter "Defendant") alleging that Defendant has engaged in an unlawful

2   pattern and practice of failing to (a) provide meal and rest breaks and (b) pay its operators for

3   all compensable work performed by such employees, including minimum wage and overtime

4   pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

5   California Labor Code, California Business and Professions Code §§ 17200 *et seq.*,

6   (hereinafter "UCL") and the California Industrial Welfare Commission Order No. 9-2001

7   (hereinafter "Wage Order No. 9"). This lawsuit seeks, among other relief, damages resulting

8   from Defendant's failure to pay its operators for time that was necessary and integral to these

9   employees' principal duties, and that was incurred under the control of Defendant and

10   required by Defendant for the benefit and convenience of Defendant. Plaintiff seeks

11   declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or

12   other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

### JURISDICTION AND VENUE

14       2.     The Court has personal jurisdiction over Defendant pursuant to California

15   Code of Civil Procedure § 410.10 because it is headquartered in California, is doing business

16   in the State of California, has committed acts or omissions in California with respect to one or

17   more causes of action arising from these acts or omissions, and/or has caused effects in

18   California with respect to one or more causes of action arising from these effects.

19       3.     Venue is proper in the County of San Francisco in accordance with Code of

20   Civil Procedure § 395(a) because at least some of Plaintiff's injury is alleged to have occurred

21   in this county.

22       4.     Venue is proper in this Court under California Code of Civil Procedure

23   § 395.5. Some of the actions alleged herein occurred in the County of San Francisco.

### PARTIES

25       5.     Plaintiff James Jackson was formerly employed by Defendant as an operator.

26   He sues on his own behalf, and as class representative on behalf of similarly situated operators

27   who are or were employed by Defendant within the applicable statute of limitations. A true

28   and correct copy of an executed Consent to Become Party Plaintiff is attached hereto as

2

1  Exhibit A.  Plaintiff will file additional Consents to Become Party Plaintiff executed by

2  similarly situated operators as they are secured.

3        6.     Defendant Fenway Partners LLC is a private equity fund that has operated

4  transportation services through its portfolio company Coach America, which provided

5  transportation services. Defendant Fenway owned Coach America and worked in partnership

6  with the management team of Coach America that Fenway hired, to leverage Fenway's

7  accumulated experience, industry-specific knowledge and network of value-added resources

8  to operate Coach America and to enhance Coach America's performance and profits.

9        7.     Defendant George Mancy, was at relevant times the chief executive officer of

10  Coach America and was chosen for that position by Fenway.

11        8.     Defendant Laura Hendricks was at relevant times the chief executive officer of

12  Coach America and was chosen for that position by Fenway.

13        9.     The true names and capacities, whether individual, corporate, associate or

14  otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at

15  this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will

16  amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is

17  informed and believes and thereon alleges that each Defendant designated herein as a DOE

18  defendant is legally responsible in some manner for the events and happenings herein alleged

19  and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

20       10.    Plaintiff is informed and believes and thereon alleges that each of the

21  Defendants were acting as the agent, employee, partner, or servant of each of the remaining

22  Defendants and was acting within the course and scope of that relationship, and gave consent

23  to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

24  **FACTS COMMON TO ALL CAUSES OF ACTION**

25       11.    In violation of the terms of California law and federal law, Defendant has at all

26  material times failed and refused to pay its operators providing fixed route shuttle services for

27  all compensable: (1) pre/post-trip inspection time, (2) time spent waiting between shifts, (3)

28  medical examination time, (4) time spent by an operator to maintain his or her commercial

3

1    drivers license, and (5) any applicable overtime due for such compensable time (as alleged

2    more fully below),

3        12.    Inspection Time. Defendant requires operators to inspect a bus at the

4    completion of run assignments. All such time that operators spend to inspect buses is referred

5    to in this Complaint as "inspection time."

6        13.    This inspection time is caused by Defendant's requirement and is for the

7    convenience/benefit of Defendant only.

8        14.    Despite the requirements of federal law and/or California law, Defendant has

9    failed to pay operators for all inspection time actually incurred, and has failed to pay operators

10   for inspection time at one-and-one-half (1.5) times the regular rate of pay (i.e., time-and-a-

11   half) when such time causes total hours worked to exceed forty (40) hours in a week and/or

12   eight (8) hours in a day.

13       15.    Waiting Time. Defendant commonly schedules many "runs" to have split shifts

14   that require operators to drive more than one (1) shift during a given day. In between the shifts

15   the employee is unable to use the time effectively for his/her own purposes as he/she is still

16   controlled by Defendant. The time spent waiting by an operator between a shift shall be

17   referred to hereinafter as "waiting time."

18       16.    This waiting time is caused by Defendant's route and scheduling decisions and

19   is for the convenience and benefit of Defendant only.

20       17.    Despite the requirements of federal law and California Law, Defendant has

21   failed and refused to pay operators for all waiting time actually incurred, and has failed and

22   refused to pay operators for waiting time at one and one half (1.5) times their regular rate of

23   pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in

24   a week and/or eight (8) hours in a day.

25       18.    Rest Breaks. Pursuant to the IWC Order No. 9, operators are entitled to ten

26   (10) minutes of paid rest break for each four (4) hour period of work or major fraction thereof,

27   which is referred to in this Complaint as "rest break."

28       19.    Defendant's run design and scheduling require bus operators to work through

4

COLLECTIVE AND CLASS ACTION COMPLAINT

1   their ten (10) minute period to stay on schedule. As a result, bus operators are not allowed to

2   take their ten (10) minute rest break earned after each four (4) hours worked.  Despite the

3   requirements of California law, Defendants have failed to provide operators rest breaks.

4        20.    Meal Breaks. Pursuant to the IWC Order No. 9, operators are entitled to thirty

5   (30) minute meal break for each five (5) hour period of work or major fraction thereof, which

6   is referred to in this Complaint as "meal break."

7        21.    Defendant's run design and scheduling require bus operators to work through

8   their thirty (30) minute period to stay on schedule. As a result, bus operators are not allowed

9   to take their thirty (30) minute meal break earned after each five (5) hours worked.  Despite

10  the requirements of California law, Defendants have failed to provide operators meal breaks.

11       22.    Medical Examinations. At the request of the Defendant, operators are required

12  to take medical and/or physical examinations in connection with their employment. This type

13  of activity will be called "examination time" in the remainder of this Complaint.

14       23.    Despite the requirements of federal law and/or California law, Defendant has

15  failed and refused to pay operators for all examination time actually incurred, and has failed

16  and refused to pay operators for examination time at one-and-a-half (1.5) times their regular

17  rate of pay (time-and-a-half) when such time causes their total hours worked to exceed forty

18  (40) hours in a week and/or eight (8) hours in a day.

19       24.    License Time. In connection with their employment for Defendant and at the

20  request of the Defendant, operators are required to go to and spend time at the California

21  department of motor vehicles regarding licensing to operate commercial vehicles. This type of

22  activity will be called "license time" in the remainder of this Complaint.

23       25.    Despite the requirements of federal law and/or California law, Defendant has

24  failed and refused to pay operators for all license time actually incurred, and has failed and

25  refused to pay operators for such time at one-and-a-half (1.5) times their regular rate of pay

26  (time-and-a-half) when such time causes their total hours worked to exceed forty (40) hours in

27  a week and/or eight (8) hours in a day.

28       26.    Time Records. Defendant do not keep accurate records of the actual amount of

5

1    operators' above-referenced inspection time, waiting time, license time, and examination

2    time, despite the fact that such time is required by Defendant's route and scheduling

3    decisions. Defendant's breach of their obligation to keep accurate records of such

4    compensable time has resulted in a lack of accurate records to show exactly how much

5    compensable time operators have spent in such time. Plaintiff is unable to state with precision

6    the amount of such time for which operators are uncompensated, but can reasonably estimate

7    this time based on a review of documents that are in Defendant's sole and exclusive

8    possession. Plaintiff will establish good faith estimates of the amount of his uncompensated

9    compensable time and damages after completing discovery and analyzing Defendant's

10    evidence.

11        27.    Defendant's willful refusal to pay. Defendant has continuously failed to

12    correct the violations described herein. Plaintiff has been deprived of his legally mandated

13    compensation for compensable time, as alleged herein, due to Defendant's willful refusal to

14    pay operators for all such compensable time.

15                COLLECTIVE AND CLASS ACTION ALLEGATIONS

16        28.    Plaintiff bring the First Cause of Action (for violations of the FLSA) as an

17    "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf

18    of himself and a proposed collection of similarly situated individuals defined as follows, and

19    hereinafter referred to as the "FLSA Collection":

20                All individuals who are currently employed, or formerly have been employed,

21                by Defendant(s) as a bus operator or in an equivalent position providing fixed

22                route shuttle services within the last three (3) years.

23        29.    Plaintiff and on behalf of other similarly situated operators defined above, seek

24    relief on a collective basis challenging Defendant's policy and practice of failing to pay for all

25    hours worked plus applicable overtime and failing to accurately record all hours worked.

26    Named Plaintiff and the FLSA Collection are similarly situated, have performed substantially

27    similar duties for Defendant, and are uniformly subject to and are currently being subjected to

28    Defendant's uniform, class-wide payroll practices, including the policy of and practice of not

6

1  compensating operators for compensable time as described herein. The number and identity of

2  other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be

3  determined from the records of Defendant, and potential opt-ins may be easily and quickly

4  notified of the pendency of this action.

5      30.    The names and addresses of the individuals who comprise the FLSA Collection

6  are available from Defendant. Accordingly, Plaintiff herein prays for an Order requiring

7  Defendant to provide the names and all available locating information for all members of the

8  FLSA Collection, so notice can be provided regarding the pendency of this action, and of such

9  individuals' right to opt-in to this action as party-Plaintiff.

10     31.    Plaintiff brings the Second through Seventh Causes of Action as an "opt-out"

11  class action, defined initially as follows, and hereinafter referred to as the "California Class":

12          All individuals who are currently employed, or formerly have been employed,

13          by Defendant(s) as a bus operator or in an equivalent position providing fixed

14          route shuttle services in California within the last three (3) years.

15  Excluded from the class are anyone employed by counsel for Plaintiff in this action, and any

16  Judge to whom this action is assigned and his or her immediate family members

17     32.    Plaintiff brings the Eighth Cause of Action (the claims under § 17200 *et seq.*)

18  as an "opt-out" class action, defined initially as follows, and hereinafter referred to as the

19  "Section 17200 Class":

20          All individuals who are currently employed, or formerly have been employed,

21          by Defendant(s) as a bus operator or in an equivalent position providing fixed

22          route shuttle services within the last four (4) years.

23  Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any

24  Judge to whom this action is assigned and his or her immediate family members.

25     33.    Numerosity. Defendant has employed hundreds of individuals as operators

26  during the relevant time periods.

27     34.    Existence and Predominance of Common Questions. Common questions of

28  law and/or fact exist as to the members of the proposed classes and, in addition, common

7

COLLECTIVE AND CLASS ACTION COMPLAINT

questions of law and/or fact predominate over questions affecting only individual members of the proposed classes. The common questions include the following:

    a.  Whether Defendant's policy and practice of not compensating their operators for all examination time, license time, inspection time, and/or waiting time, violates California labor laws;

    b.  Whether Defendant's policy and practice with respect to rest breaks and meal breaks, violates Wage Order No. 9 and/or the California Labor Code;

    c.  Whether Defendant's payroll policies and practices have violated California Labor Code §§ 201, 202, 203, 204 and 226;

    d.  Whether Defendant's practices have violated the UCL;

    e.  Whether the class members are entitled to unpaid wages, waiting time penalties, and other relief;

    f.  Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the class members; and

    g.  Whether Plaintiff and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

    35.   <u>Typicality</u>. Plaintiff's claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and the proposed classes to sustain the same or similar injuries and damages. Plaintiff's claims are therefore representative of and co-extensive with the claims of the proposed classes.

    36.   <u>Adequacy</u>. Plaintiff is an adequate representative of the proposed classes because his interests do not conflict with the interests of the members of the classes he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the proposed classes.

8

37. <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. In the alternative, the proposed classes may be certified because:

   a. the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

## FIRST CAUSE OF ACTION

### Violations of the Fair Labor Standards Act

### (By the FLSA Collection)

39. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

40. At all material times, Plaintiff and all similarly situated operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

41. The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

42. At all material times, inspection time, waiting time, license time, examination

9

time, described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

43. At all material times, Defendant has violated the FLSA by failing to pay operators for all compensable work time, including but not limited to, waiting time, license time, examination time, and inspection time, plus applicable overtime.

44. At all material times, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when waiting time, license time, examination time, and inspection time causes an operator's total hours worked to exceed forty (40) hours in a week.

45. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by their operators. 29 U.S.C. § 211(c).

46. Plaintiff and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

47. Plaintiff and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

48. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

49. As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiff and all similarly situated individuals. Defendant is liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

10

1    ## SECOND CAUSE OF ACTION

2    **Failure to Pay All Straight Time and/or Overtime Worked in Violation of California**

3    **Labor Code §§ 510, 1194, 1197, 1198, and 1199; and IWC Wage Order 9-2001**

4    **(By the California Class)**

5        50.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

6    herein.

7        51.    Plaintiff and the proposed California Class have been required by Defendant to

8    work off-the-clock without compensation, including but not limited to, waiting time, license

9    time, examination time, and inspection time, which is compensable work time, and Defendant

10   is required by law to pay operators for this time. By failing to compensate operators for all

11   hours worked, Defendant has violated Wage Order 9 and California Labor Code §§ 510, 1194,

12   1197, 1198 and 1199.

13       52.    Plaintiff and the proposed California Class have been required and permitted to

14   work shifts lasting over eight (8) hours in duration for which they were not paid overtime

15   wages. Pursuant to Wage Order 9 and California Labor Code §§ 510, 1194, 1197, 1198 and

16   1199 it is unlawful for an employer to fail to pay at one and one-half (1.5) time the regular

17   rate for all hours worked over eight (8) in a day/or over forty (40) in a week.

18       53.    Pursuant to Wage Order 9 and California Labor Code §§ 1194 and 1198,

19   Plaintiff and the proposed California Class are entitled to recover in a civil action the unpaid

20   balance of the full amount of straight time owed to them, including interest thereon, liquidated

21   damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees

22   and costs.

23   ## THIRD CAUSE OF ACTION

24   **Failure to Provide Itemized Wage Statements in Violation of California Labor Code**

25   **§ 226 and IWC Wage Order 9-2001**

26   **(By the California Class)**

27       54.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

28   herein.

11

55. Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiff and members of the proposed California Class in accordance with California Labor Code § 226 and Wage Order 9. The wage statements that Defendant has provided to its operators, including Plaintiff and the proposed California Class members, do not accurately reflect the actual hours worked and wages earned, because they do not include the appropriate amount of time regarding inspection time, waiting time, examination time, and license time.

56. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional. Accordingly, Defendant are liable for damages and penalties under Labor Code § 226.

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203

### (By the California Class)

57. Plaintiff incorporate by reference all paragraphs above as if fully set forth herein.

58. California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

59. Certain members of the proposed California Class are no longer employed by Defendant but have not been paid full compensation for all hours worked, as alleged above. They are entitled to unpaid compensation for all hours worked in the form of , , inspection time, waiting time, examination time, license time, and overtime, for which to date they have

12

1  not received compensation.

2      60.    Defendant has failed and refused, and continue to willfully fail and refuse, to

3  timely pay compensation and wages to the Plaintiff and members of the proposed California

4  Class whose employment with Defendant have terminated, as required by California Labor

5  Code §§ 201 and 202. As a direct and proximate result, Defendant is liable to Plaintiff and

6  proposed California class members for up to thirty (30) days of waiting time penalties

7  pursuant to California Labor Code § 203, together with interest thereon.

8      61.    WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiff and

9  Class members are entitled to recover the full amount of their unpaid wages, continuation

10  wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

11  **FIFTH CAUSE OF ACTION**

12  **Failure To Pay all Waged Owed Every Pay Period Under California Labor Code § 204**

13  **(By the California Class)**

14      62.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

15  herein.

16      63.    At all times relevant during the liability period, Plaintiff and the other members

17  of each Class were employees of Defendant covered by Labor Code § 204.

18      64.    Pursuant to Labor Code § 204, Plaintiff and members of each Class were

19  entitled to receive on regular paydays all wages earned for the pay period corresponding to the

20  payday.

21      65.    Defendant failed to pay Plaintiff and other similarly situated employees all

22  wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all

23  times relevant during the liability period, Defendant maintained a policy or practice of not

24  paying Plaintiff and other similarly situated employees, overtime wages for all overtime hours

25  worked.

26      66.    As a result of Defendant's unlawful conduct, Plaintiff and members of each

27  Class have suffered damages in an amount, subject to proof, to the extent they were not paid

28  all wages each pay period. The precise amount of unpaid wages is not presently known to

13

COLLECTIVE AND CLASS ACTION COMPLAINT

1  Plaintiff but can be determined directly from Defendant's records or indirectly based on

2  information from Defendant's records.

3         67.    WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and

4  members of the Class are entitled to recover the full amount of their unpaid wages, interest

5  thereon, reasonable attorneys' fees and costs of suit.

6  **SIXTH CAUSE OF ACTION**

7  **Failure to Allow Meal Periods Pursuant to Labor Code § 226.7 and IWC Order 9-2001**

8  **(By the California Class)**

9         68.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

10  herein.

11         69.    IWC Order No. 9 provides that employees are entitled to a thirty (30) minute

12  meal period for every five (5) hours worked or major faction thereof and requires an employer

13  to pay an additional hour of compensation for each meal period the employer fails to permit or

14  authorize to non-exempt employees. Plaintiff and members of the Class consistently worked

15  over five (5) hours per shift without receiving a thirty (30) minute meal period and/or being

16  permitted to take such meal period.

17         70.    As a direct and proximate result of Defendant's violation of Labor Code

18  § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable

19  harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff,

20  on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable,

21  including premium pay for each missed meal break, plus reasonable attorneys' fees and costs,

22  waiting time penalties to those employees no longer employed by Defendant, as well as any

23  penalties that may be applied pursuant to the IWC Order No. 9 and/or the California Labor

24  Code.

25  **SEVENTH CAUSE OF ACTION**

26  **Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and IWC Order 9-2001**

27  **(By the California Class)**

28         71.    Plaintiff incorporates by reference all paragraphs above as if fully set forth

14

COLLECTIVE AND CLASS ACTION COMPLAINT

herein.

72.     Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period and/or being permitted to take such rest break.

73.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9 Plaintiff and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages and all other relief allowable, including premium pay for each missed rest break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## EIGHT CAUSE OF ACTION

### Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*

### (By the Section 17200 Class)

74.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

75.     Plaintiff brings this claim on behalf of themselves and all others similarly situated in his representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful business acts and/or practices pursuant to the UCL which prohibits all unlawful business acts/or practices.

76.     Plaintiff assert these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who have been exposed to Defendant's unlawful acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

15

77. Defendant's failure to properly pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, as alleged above, constitutes unlawful and/or unfair business acts and/or practices within the meaning of the UCL.

78. As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class members. Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages.

79. The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

80. Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

81. As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continues to hold monies which Plaintiff and the other Class members have a possessory interest in.

82. Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's respective businesses, and thereby constitutes violations of the UCL. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous, and substantially injurious.

83. Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

84. WHEREFORE, Plaintiff and other Class members are entitled to equitable relief, including premium pay, restitution, attorneys' fees and costs, prejudgment interest, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

16

a) For an order certifying that the First Cause of Action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that Defendant identify all members of the FLSA Collection and to provide all locating information for members of the FLSA Collection, and to provide notice to all members of the FLSA Collection apprising them of the pendency of this action and their opportunity to file Consents to Become Party Plaintiff thereto.

b) For an order certifying that the Second through Seventh Causes of Action of this Complaint may be maintained as a class action on behalf of a class on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the California Class;

c) For an order certifying that the Eighth Cause of Action of this Complaint may be maintained as a class action on behalf of a class on behalf of a class as defined herein and that notice of the pendency of this action be provided to members of the Section 17200 Class;

d) For an order designating Plaintiff as class representatives for both the FLSA and California state law claims and Plaintiff attorneys as counsel for both the FLSA Collection and the proposed classes;

e) For an order awarding Plaintiff, the FLSA Collection, and the California Class compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, together with interest on these amounts;

f) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g) For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h) For an order imposing all statutory and/or civil penalties provided by law, including without limitation penalties under California Labor Code §§ 203 and

17

226(e), together with interest on these amounts;

i) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

j) For all unpaid overtime wages due to Plaintiff and each Class member;

k) For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

l) Disgorgement of profits;

m) For an order awarding restitution of the unpaid regular, overtime, and premium wages due to Plaintiff and Class members;

n) For pre- and post-judgment interest;

o) For disgorgement of profits;

p) For an order awarding restitution of the unpaid regular, overtime, and premium wages due to Plaintiff and Class members;

q) For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law;

r) For all costs of suit; and

s) For such other and further relief as the Court deems just and proper.

DATED: December 3, 2012

Respectfully submitted,
THE TIDRICK LAW FIRM

By: _____

STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff James Jackson

18

COLLECTIVE AND CLASS ACTION COMPLAINT

1

## JURY DEMAND

2   Plaintiff in the above-referenced action, on his own behalf and on behalf of all persons

3   he seeks to represent, hereby demands a trial by jury on all counts.

4   DATED:  December 3, 2012                    Respectfully submitted,

5                                               THE TIDRICK LAW FIRM

6

7                                    By:

8                                               STEVEN G. TIDRICK, SBN 224760
                                                JOEL B. YOUNG, SBN 236662
9
                                                THE TIDRICK LAW FIRM
10                                              2039 Shattuck Avenue, Suite 308
                                                Berkeley, California  94704
11                                              Telephone:  (510) 788-5100
                                                Facsimile:   (510) 291-3226
12                                              E-mail:      sgt@tidricklaw.com

13                                              Attorneys for Individual and Representative
                                                Plaintiff James Jackson
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLLECTIVE AND CLASS ACTION COMPLAINT

Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

I, am or have been, currently or formerly employed by Fenway Partners LLC, Laura Hendricks, and George Maney (collectively hereinafter "Defendant") as a bus operator, and I hereby consent to be a party plaintiff in such action arising under the Fair Labor Standards Act against Defendant regarding Defendant's failure to fully compensate me for all compensable work time. I hereby authorize the Tidrick Law Firm to represent me before any court or agency on such claims.

Date: 11/30/12  By: _James A. Jackson_

Signature

Print name: James A. Jackson



Contact Information Redacted