ROCKY C. TSAI (SBN 221452)
rocky.tsai@ropesgray.com
ROPES & GRAY LLP
Three Embarcadero Center, Ste 300
San Francisco, California 94111-4006
Tel: (415) 315- 6300
Fax: (415) 315-6350

Attorneys for Defendants
FENWAY PARTNERS, LLC; LAURA HENDRICKS;
GEORGE MANEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES JACKSON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>FENWAY PARTNERS, LLC; LAURA HENDRICKS; GEORGE MANEY; and DOES 1-20,<br><br>    Defendants. | Case No. C 13-00005 EDL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date: February 19, 2013<br>Time: 9:00 a.m.<br>Courtroom: E<br>Judge: Hon. Elizabeth D. Laporte |

32907614_3

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2
II. STATEMENT OF RELEVANT FACTS .................................................................... 2
   A. The Complaint........................................................................................................ 2
   B. The Defendants. .................................................................................................... 3
   C. The Chapter 11 Cases............................................................................................ 3
      1. Bar Date. ........................................................................................................ 4
      2. The Debtors' Asset Sales. .............................................................................. 5
      3. The LADOT Contract Sale. .......................................................................... 6
      4. The Coach USA Sale. ................................................................................... 6
      5. The PTI Sale. ................................................................................................. 6
      6. The TMS Sale. .............................................................................................. 7
      7. The El Expreso Sale. .................................................................................... 7
III. ARGUMENT ............................................................................................................. 8
   A. THE ACTION SHOULD BE TRANSFERRED UNDER 28 U.S.C. § 1412 AND OTHER APPLICABLE LAW ................................................................... 8
      1. The Action Should Be Transferred Because It Is "Related To" The Chapter 11 Cases. . 8
      2. Transferring The Action Is In The Interests Of Justice................................. 10
IV. CONCLUSION......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.)*,
 227 B.R. 311 (Bankr. N.D. Ala. 1998) ................................................................................... 9

*Celotex Corp. v. Edwards*,
 514 U.S. 300 (1995) ............................................................................................................... 9

*Creekridge Capital, LLC v. La. Hosp. Ctr., LLC*,
 410 B.R. 623 (D. Minn. 2009) .......................................................................................... 8, 11

*Fietz v. Great W. Sav. (In re Fietz)*,
 852 F.2d 455 (9th Cir. 1988)................................................................................................... 9

*Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*,
 896 F.2d 1384 (2d Cir. 1990)................................................................................................... 9

*Home Ins. Co. v. Cooper & Cooper, Ltd.*,
 889 F.2d 746 (7th Cir. 1989).................................................................................................... 9

*In re Coach Am Grp. Holding Corp.*,
 No. 12-10010 (KG) .................................................................................................................. 2

*In re Commonwealth Oil Ref., Inc.*,
 596 F.2d 1239 (5th Cir. 1979)................................................................................................ 10

*In re Cytodyn of N. M., Inc.*,
 374 B.R. 733 Bankr. (C.D. Cal. 2007)..................................................................................... 8

*In re Dunmore Homes, Inc.*,
 380 B.R. 663 (Bankr. S.D.N.Y. 2008) .................................................................................... 8

*In re Reliance Grp. Holdings, Inc.*,
 273 B.R. 374 (E.D.Pa. 2002) ................................................................................................... 8

*In re Texas Int'l Co.*,
 97 B.R. 582 (Bankr. C.D. Cal. 1989)....................................................................................... 8

*Maitland v. Mitchell (In re Harris Pine Mills)*,
 44 F.3d 1431 (9th Cir. 1995) .................................................................................................. 8

*Mendoza v. Gen. Motors, LLC*,
 2010 WL 5224136 (C.D. Cal.)............................................................................................... 10

1    *Montana v. Goldin (In re Pegasus Gold Corp.)*,
       394 F.3d 1189 (9th Cir. 2005) .................................................................................. 9

*Pacor, Inc. v. Higgins*,
       743 F.2d 984 (3d Cir. 1984) ...................................................................................... 9

*SenoRx, Inc. v. Coudert Bros., LLP*,
       2007 WL 2470125 (N.D. Cal.) ................................................................................ 10

*Things Remembered Inc. v. Petrarca*,
       516 U.S. 124 (1995) .................................................................................................. 9

*TIG Ins. Co. v. Smolker*,
       264 B.R. 661 (Bankr. C.D. Cal. 2001) ..................................................................... 8

**STATUTES**

11 U.S.C. § 101(27) ............................................................................................................. 4

11 U.S.C. § 503(b)(9) .......................................................................................................... 4

11 U.S.C. § 507(a)(4) ........................................................................................................... 4

11 U.S.C. § 507(a)(5) ........................................................................................................... 4

11 U.S.C. § 1101, *et seq.* ..................................................................................................... 3

11 U.S.C. § 1107(a) ............................................................................................................. 3

11 U.S.C. § 1108 .................................................................................................................. 3

28 U.S.C. § 1334(b) ............................................................................................................. 9

28 U.S.C. § 1404(a) ........................................................................................................ 8, 11

28 U.S.C. § 1409(a) ............................................................................................................. 8

28 U.S.C. § 1412 ................................................................................................ 1, 8, 10, 11

**TO THE HONORABLE COURT AND ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 19, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Elizabeth D. Laporte, presiding in Courtroom E of the United States District Court for the Northern District of California, located in the United States Courthouse, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Fenway Partners, LLC ("**Fenway**"), Laura Hendricks and George Maney (collectively, "**Defendants**") will, and hereby do, move this Court, to transfer this action (the "**Action**") to the United States District Court for the District of Delaware.

Pursuant to 28 U.S.C. § 1412, this Court is authorized to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. This Action is indisputably related to pending chapter 11 cases in the United States District Court for the District of Delaware, given the parties' relationship with the Chapter 11 Debtors[1] and this Action's impact on the Debtors' chapter 11 estates, as discussed more fully below. Defendants therefore respectfully request that this Court transfer to the Action to the United States District Court for the District of Delaware in accordance with 28 U.S.C. § 1412.

---

[1] As used herein, the term "**Debtors**" means, collectively: Coach Am Group Holdings Corp.; Coach Am Holdings Corp.; Coach America Holdings, Inc.; American Coach Lines, Inc.; America Charters, Ltd.; CUSA Atlanta, Inc.; American Coach Lines of Jacksonville, Inc.; American Coach Lines of Miami, Inc.; American Coach Lines of Orlando, Inc.; Coach America Group, Inc.; B & A Charter Tours, Inc.; CUSA Dillon's, Inc.; Florida Cruise Connection, Inc.; Hopkins Airport Limousine Services, Inc.; CUSA LL, Inc.; The McMahon Transportation Company; Midnight Sun Tours, Inc.; Royal Tours of America, Inc.; Southern Coach Company; Tippet Travel, Inc.; Trykap Airport Services, Inc.; Trykap Transportation Management, Inc.; KBUS Holdings, LLC; ACL Leasing, LLC; CAPD, LLC; Coach America Transportation Solutions, LLC; CUSA, LLC; CUSA ASL, LLC; CUSA AT, LLC; CUSA AWC, LLC; CUSA BCCAE, LLC; CUSA BESS, LLC; CUSA CC, LLC; CUSA CSS, LLC; CUSA EE, LLC; CUSA ELKO, LLC; CUSA ES, LLC; CUSA FL, LLC; CUSA GCBS, LLC; CUSA GCT, LLC; CUSA KBC, LLC; CUSA K-TCS, LLC; CUSA Leasing, LLC; CUSA PCSTC, LLC; CUSA PRTS, LLC; CUSA RAZ, LLC; CUSA Transit Services, LLC; Get A Bus, LLC; Coach BCCAE, L.P.; Coach Leasing BCCAE, L.P.

DEFS.' NOTICE OF MOTION/MOTION TO TRANSFER
VENUE; MPA IN SUPPORT THEREOF

1

32907614_3

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.  STATEMENT OF ISSUES TO BE DECIDED**

3 It is manifest from the four corners of the Plaintiff's complaint that Plaintiff's claims arise
4 from his employment with the Debtors.  The employee-employer relationship is the gravamen of
5 the Complaint and, given Plaintiff's former employment relationship with one of the individual
6 Debtor-entities, Plaintiff's claims asserted are actually claims against the chapter 11 estates.  In
7 light of the Debtors' pending chapter 11 cases and the impact the Plaintiff's claims would have on
8 the Debtors' chapter 11 estates, the Action should be addressed by the district court that has
9 jurisdiction over the chapter 11 cases, here the United States District Court for the District of
10 Delaware.  Accordingly, this Action should be transferred to the United States District Court for
11 the District of Delaware for referral to the Bankruptcy Court in that District.

12 **II.  STATEMENT OF RELEVANT FACTS[2]**

13 **A.  The Complaint.**

14 On or about December 3, 2012, plaintiff James Jackson ("**Jackson**" or "**Plaintiff**") filed a
15 complaint (the "**Complaint**")[3] in the Superior Court of the State of California, County of San
16 Francisco (the "**Superior Court**"), Civil Case No. CGC-12-526564, on behalf of a putative class
17 consisting of all persons who were allegedly employed as bus operators by the Defendants (the
18 "**Action**").  The allegations contained in the Complaint arise out of the Plaintiff's (alleged)
19 previous employment by one of the debtor entities in chapter 11 proceedings, captioned *In re*
20 *Coach Am Group Holding Corp.*, No. 12-10010 (KG), currently pending before the United States
21 Bankruptcy Court for the District of Delaware (the "**Chapter 11 Cases**").  Specifically, Plaintiff
22 alleges that he was formerly employed by an entity formerly doing business as Debtor Coach Am
23 Group Holdings Corp. ("**Coach America**").  Complaint, ¶ 1.

---

[2] The evidentiary bases for the factual assertions contained herein are set forth in the Declaration of Brian E. Cejka (the "**Cejka Decl.**"), filed concurrently herewith.

[3] A true and correct copy of the Complaint is annexed to the Cejka Decl. as Exhibit 3.

DEFS.' NOTICE OF MOTION/MOTION TO TRANSFER
VENUE; MPA IN SUPPORT THEREOF

2

32907614_3

**B. The Defendants.**

Defendant Fenway is a limited partner of Coach America Group Holdings, L.P. ("**Holdings**"). Cejka Decl. ¶ 7. Holdings is the parent of Coach America Group Holdings II, L.P. ("**Holdings II**"). *Id.* Holdings II, in turn, is the parent of Debtor Coach America. *Id.* Fenway appointed several members of the Debtors' board of directors. Cejka Decl. ¶ 8. Fenway itself is neither a director nor an officer of the Debtors, nor does it control the Debtors' day-to-day operations. *Id.* Fenway does not operate its business or otherwise conduct any transactions in the state of California. Cejka Decl. ¶ 9.

Defendant Maney was employed by Coach as the Debtors' President and Chief Financial Officer from September 2007 to February 2012. Cejka Decl. ¶ 11. Mr. Maney was also a member of the Debtors' board of directors during this period. *Id.* Mr. Maney is currently a resident of the State of Texas. Cejka Decl. ¶ 10.

Defendant Hendricks was employed by Coach as the Debtors' President and Chief Executive Officer from February 2012 to October 2012. Cejka Decl. ¶ 13. Ms. Hendricks also served on the Debtors' board of directors during this period. *Id.* Ms. Hendricks is currently serving as an independent consultant to the Debtors. Cejka Decl. ¶ 14. Ms. Hendricks is currently a resident of the State of Tennessee. Cejka Decl. ¶ 12.

**C. The Chapter 11 Cases.**

On January 3, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Cejka Decl. ¶ 4.

The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

As described in the following sections, prior to the commencement of the Action by Plaintiff, the Debtors had made significant substantive progress in their Chapter 11 Cases. The

Chapter 11 Cases remain pending and the Debtors continue to actively prosecute them before the Bankruptcy Court.

### 1. Bar Date.

On February 10, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9), Fed. R. Bankr. P. 2002 and 3003(c)(3) and Del. Bankr. L.R. 2002-1(e) (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [Bankruptcy Case Docket No. 213] (the "**General Bar Date Order**"). Cejka Decl. ¶ 19. Pursuant to the General Bar Date Order, April 2, 2012 at 5:00 p.m. (prevailing Eastern time) (the "**General Bar Date**") was the deadline for any person or entity (excluding governmental units) holding a claim or interest against the Debtors that arose or was deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims, to file proof of such claim or interest. *Id*. In addition, pursuant to the General Bar Date Order, July 1, 2012 at 5:00 p.m. (prevailing Eastern time) was the deadline for governmental units, as defined in section 101(27) of the Bankruptcy Code, to file proof of any claim against the Debtors that arose or was deemed to have arisen prior to the Petition Date. *Id*.

In pertinent part, the Bar Date Order provides that,

> In accordance with paragraph 10(e) above, any current salaried or current non-bargaining unit hourly employee of the Debtors holding a claim relating solely to wages, salaries, commissions, vacation, benefits, pension or retirement, which claim had arisen as of the Petition Date, need not file a proof of claim on or before the General Bar Date. **In contrast, claims held by former employees (whether or not retired or previously covered by a collective bargaining agreement) and current bargaining unit employees (i.e., union-represented employees) are not excluded and, thus, are subject to the General Bar Date**; *provided*, *however*, a current bargaining unit employee, a former employee or a labor union claiming to represent or representing a current bargaining unit employee or former employee shall not be required to file a proof of claim for current benefits concerning (a) any benefit plan which is funded through a trust fund held separate from the assets of the Debtors, such as a qualified retirement or 401(k) plan, or (b) a self

DEFS.' NOTICE OF MOTION/MOTION TO TRANSFER
VENUE; MPA IN SUPPORT THEREOF

4

32907614_3

> funded benefit program of the Debtors which provides welfare benefits under one or more "employee welfare benefit plans" as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). Subject to the proviso of the preceding sentence, claims of labor unions, as well as claims of bargaining unit employees (and former employees represented by labor unions), arising out of, or related to, current or previous collective bargaining agreements, are not excluded and, thus, are subject to the General Bar Date.
>
> * * *
>
> Pursuant to Bankruptcy Rule 3003(c)(2), **any holder of a claim against or interest in one or more of the Debtors who is required, but fails to timely file a proof of such claim or interest in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against or interest in the Debtors (or filing a proof of claim or interest with respect thereto), and the Debtors, their chapter 11 estates and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim or interest in these Chapter 11 Cases**, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 Cases or participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or interest or to receive further notices regarding such claim or interest.

Cejka Decl. ¶ 20, Bar Date Order at ¶¶ 11, 16 (emphasis added).

Crucially, Plaintiff failed to file any claims against the Debtors prior to the General Bar Date, despite being provided with actual notice of the Bar Date Order and the General Bar Date.

**2. The Debtors' Asset Sales.**

On January 13, 2012, the Debtors filed the *Motion for Orders (I) Approving (A) Bidding Procedures, (B) Form and Manner of Sale Notices, and (C) Sale Hearing Date, and (II) Authorizing and Approving (A) Sale of Substantially All of the Assets Free and Clear of Liens, Claims, and Encumbrances, and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Bankruptcy Court Docket No. 102]. Cejka Decl. ¶ 21.

On January 27, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 Approving (I) Bidding*

*Procedures, (II) Form and Manner of Sale Notices, and (III) Sale Hearing Date* [Bankruptcy Court Docket No. 161] (the "**Bidding Procedures Order**"). *Id*.

Pursuant to the Bidding Procedures Order, the Debtors conducted various auctions and asset sales, as described herein. In the aggregate, the sale transactions resulted in the sale of substantially all of the Debtors' operating assets. Cejka Decl. ¶ 22.

### 3. The LADOT Contract Sale.

On May 25, 2012, the Bankruptcy Court entered an order [Bankruptcy Court Docket No. 758] approving MV Transportation as the successful bidder for the Agreement For The Operations Of The City Of Los Angeles, Department Of Transportation's (LADOT) Bus Transit Operation Services For The North Region Of The Combined Services Request For Proposals (the "**LADOT Contract Sale**"). Cejka Decl. ¶ 23. The LADOT Contract Sale closed on June 1, 2012. *Id*.

### 4. The Coach USA Sale.

On May 25, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (I) Sale of Certain Assets of the Debtors Free and Clear of Liens, Claims, and Encumbrances and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Bankruptcy Court Docket No. 762] authorizing the sale of substantially all of the assets of Debtors Coach America Holdings, Inc., Lakefront Lines, Inc., American Coach Lines of Atlanta, Inc., CUSA KBC, LLC, CUSA PCSTC, LLC, CUSA PRTS, LLC, CUSA ELKO, LLC, Dillon's Bus Service, Inc., CUSA RAZ, LLC, CUSA AWC, LLC, CUSA AT, LLC to Coach USA, Inc. (the "**Coach USA Sale**") in accordance with an Asset Purchase Agreement dated as of May 17, 2012. Cejka Decl. ¶ 24. The Coach USA Sale closed on July 21, 2012. *Id*.

### 5. The PTI Sale.

On May 25, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (I) Sale of Substantially All of the Assets of Debtors CUSA ES, LLC and CUSA CSS, LLC Free and Clear of Liens, Claims, and Encumbrances and (II) Assumption and Assignment of*

*Certain Executory Contracts and Unexpired Leases* [Bankruptcy Court Docket No. 761] authorizing the sale of substantially all of the assets of Debtors CUSA ES, LLC AND CUSA CSS, LLC to Professional Transportation, Inc. (the "**PTI Sale**") in accordance with an Asset Purchase Agreement dated as of May 15, 2012. Cejka Decl. ¶ 25. The PTI Sale closed on August 23, 2012. *Id*.

### 6. The TMS Sale.

On May 25, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (I) Sale of Certain Assets of the Debtors Free and Clear of Liens, Claims, and Encumbrances and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Bankruptcy Court Docket No. 760] authorizing the sale of substantially all of the assets of Debtors CUSA ASL, LLC, CUSA BCCAE, LLC, CUSA CC, LLC, CUSA FL, LLC, CUSA GCBS, LLC, CUSA K-TCS, LLC, CUSA Transit Services, LLC, CUSA GCT, LLC, America Charters, Ltd, American Coach Lines of Jacksonville, Inc., Midnight Sun Tours, Inc., American Coach Lines of Orlando, Inc., American Coach Lines of Miami, Inc. and Trykap Transportation Management, Inc. to Transportation Management Services, Inc. (the "**TMS Sale**") in accordance with an Asset Purchase Agreement dated as of May 18, 2012. Cejka Decl. ¶ 26. The TMS Sale closed on September 12, 2012. *Id*.

### 7. The El Expreso Sale.

On May 25, 2012, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 Authorizing and Approving (I) Sale of Substantially All of the Assets of Debtor CUSA EE, LLC Free and Clear of Liens, Claims, and Encumbrances and (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Bankruptcy Court Docket No. 759] authorizing the sale of substantially all of the assets of Debtor CUSA EE, LLC to Tornado Bus Company (the "**El Expreso Sale**") in accordance with an Asset Purchase Agreement dated as of May 11, 2012. Cejka Decl. ¶ 27. The El Expreso Sale closed on September 13, 2012. *Id*.

### III. ARGUMENT

#### A. THE ACTION SHOULD BE TRANSFERRED UNDER 28 U.S.C. § 1412 AND OTHER APPLICABLE LAW

Transfer of the Action from this Court to the United States District Court for the District of Delaware is appropriate under 28 U.S.C. §§ 1404(a), 1409(a), and 1412 and applicable rules and case law. Moreover, the Action should be transferred for referral to the Bankruptcy Court so that the Action may be disposed of simultaneously and consistently with the Chapter 11 Cases.

##### 1. The Action Should Be Transferred Because It Is "Related To" The Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section 1412 is satisfied if either of the two criteria is satisfied. *See In re Texas Int'l Co.*, 97 B.R. 582, 589 (Bankr. C.D. Cal. 1989); *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) ("Section 1412 is worded in the disjunctive allowing a case to be transferred under *either* the interest of justice rationale or the convenience of parties rationale") (emphasis in original) (citation omitted)). The decision to transfer the venue of a case or proceeding is within the discretion of the court. *See TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001); *In re Reliance Grp. Holdings, Inc.*, 273 B.R. 374, 406 (E.D.Pa. 2002).

District courts have exclusive jurisdiction over all cases under the Bankruptcy Code and concurrent jurisdiction over all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. *See Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1434 (9th Cir. 1995). The phrase "under title 11" as used in section 1412 includes cases – like the instant Action – that are "related to" a bankruptcy proceeding. *See, e.g., TIG Ins. Co.*, 264 B.R. at 668; *In re Cytodyn of N.M., Inc.*, 374 B.R. 733, 742 (Bankr. C.D. Cal. 2007); *Creekridge Capital, LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 628-29 (D. Minn. 2009) (collecting authorities from several circuits and concluding that section 1412 applies to transfers

of "related to" proceedings); *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998);

In *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds* by *Things Remembered Inc. v. Petrarca*, 516 U.S. 124 (1995), the seminal case on "related to" jurisdiction, the United States Court of Appeals for the Third Circuit ruled that the test for determining if "related to" jurisdiction under 28 U.S.C. § 1334(b) exists is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc.*, 743 F.2d at 994 (emphasis added); *see Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the *Pacor* test)). If that question is answered affirmatively, the litigation falls within the "related to" jurisdiction of the Bankruptcy Court. *Id.* "Related to" jurisdiction encompasses "more than simple proceedings involving the property of the debtor or the estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995); *Fietz v. Great Western Savings*, 852 F.2d at 457 (holding that a proceeding need not necessarily be against the debtors or against the debtors' property). Rather, "related to" jurisdiction applies to proceedings that impact the amount of property available for distribution among creditors. *See Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989); *see also, Fietz*, 852 F.2d at 457.

Here, it is beyond cavil that the Action is "related to" the Chapter 11 Cases. First, the Action arises out of the Plaintiff's former employment relationship with one of the individual Debtor entities. Second, as set forth in the Cejka Decl., the Debtors are required to indemnify the Defendants against the Plaintiff's claims (included the costs of defending the Action) pursuant to common law, statutory, and/or contractual indemnification obligations. Third, the Debtors, as the Plaintiff's former employer, are necessary parties to the Action; however the Debtors are conspicuously not named by Plaintiff as parties to the Action. Fourth, given that Plaintiff's claims arise from his previous employment with the Debtors, it is beyond question that the parties will look to the Debtors to produce documents or witnesses during the discovery phase of the Action, which will result in expenses for the Debtors' estates and will distract the Debtors from prosecuting their Chapter 11 Cases. When viewed through the prism of the facts as they actually

exist, the Action will undoubtedly impact the Debtors' estates and the amount available for distribution to creditors. The Action therefore is "related to" the Debtors' Chapter 11 Cases.

### 2. Transferring The Action Is In The Interests Of Justice.

Transferring the Action is also in the interest of justice. The "interest of justice" prong of 28 U.S.C. § 1412 is "a broad and flexible standard which must be applied on a case-by-case basis." *SenoRx, Inc. v. Coudert Bros. LLP*, 2007 WL 2470125, at *1 (C.D. Cal.) (quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

To determine whether the "interest of justice" requires a case to be transferred, courts generally look to the following factors:

> (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency, (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum.

*Mendoza v. Gen. Motors, LLC*, 2010 WL 5224136, at *4-5 (C.D. Cal.) (citations omitted). The "most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *SenoRx*, 2007 WL 2470125 at * 1 (citing *In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979)).

Here, the Chapter 11 Cases are venued in the Bankruptcy Court, so factors one, two, and three weigh heavily in favor of transferring the Action. There is no question that Plaintiff will receive a fair trial in Delaware and will be able to enforce any judgment he might obtain, so factors four and six also weigh heavily in favor of transferring the Action. The two remaining factors also weigh in favor of transferring the Action. California's interest in having local controversies decided within its borders by those familiar with its laws can be easily addressed by the Bankruptcy Court, which is well-suited to interpreting and applying any applicable California laws. The final factor – Plaintiff's original choice of forum – is heavily outweighed by the other factors.

Accordingly, transfer of the instant case United States District Court for the District of Delaware for automatic referral to the Bankruptcy Court is appropriate, and both prongs of the section 1412 analysis are satisfied.[4]

### IV. CONCLUSION

For all of the foregoing reasons, the Defendants respectfully request that this Court enter an Order transferring this Action to the United States District Court for the District of Delaware, and granting the Defendants such other and further relief as the Court deems appropriate.

Dated: January 9, 2013

Respectfully submitted,

ROCKY C. TSAI
ROPES & GRAY LLP

By: /s/ Rocky C. Tsai
Rocky C. Tsai

Attorneys for Defendants
FENWAY PARTNERS, LLC; LAURA HENDRICKS; GEORGE MANEY

---

[4] If there is any doubt whether section 1412 applies, transfer is also appropriate under section 1404(a) because "the ultimate determination of whether transfer is warranted likely would be no different regardless of whether the motion is analyzed under § 1412 or § 1404." *Creekridge Capital, LLC v. Louisiana Hospital Center*, LLC, 410 B.R. 623, 628 n.3 (D. Minn. 2009) (citing *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (Bankr. D. Kan. 2004)).