**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JACKSON, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FENWAY PARTNERS, LLC, LAURA HENDRICKS, GEORGE MANEY, and DOES 1-20,<br><br>　　　　Defendants.<br>―――――――――――――――――――――/<br>FENWAY PARTNERS, LLC, LAURA HENDRICKS, and GEORGE MANEY,<br><br>　　　　Third-Party Plaintiffs<br><br>　v.<br><br>COACH AM GROUP HOLDINGS, CORP., *et al.*,<br><br>　　　　Third-Party Defendants.<br>―――――――――――――――――――――/ | No. C 13-00005 JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE** |

This matter comes before the Court upon consideration of the Motion to Transfer Venue filed by Defendants and Third-Party Plaintiffs, Fenway Partners, LLC ("Fenway"), Laura Hendricks ("Ms. Hendricks"), and George Maney ("Mr. Maney") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Defendants' motion.

**BACKGROUND**

On December 3, 2012, Plaintiff James Jackson ("Mr. Jackson") filed a putative class action complaint in the Superior Court of the State of California for the City and County of San Francisco. (Docket No. 1, Notice of Removal, Ex. A (Complaint ("Compl.")).) On January 2, 2013, Defendants removed the action to this Court. On January 3, 2013, Mr. Jackson filed a first amended complaint ("FAC"), which is the operative pleading in this case. (Docket No. 5.)

Mr. Jackson alleges that Fenway employed him as a bus operator, and he seeks to represent a class of former operators providing fixed route shuttle services. (FAC ¶¶ 1, 4.) Mr. Jackson and a number of other class members who have consented to suit are residents of California. (Docket No. 42, Declaration of Steven G. Tidrick, Esq. ("Tidrick Decl."), ¶ 2.) According to Mr. Jackson, Fenway failed to provide meal and rest breaks and failed to pay its operators for all compensable work, in violation of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. Sections 201, *et seq.*, California Labor Code, California Business and Professions Code Sections 17200, *et seq.*, and the California Industrial Welfare Commission Order 9-2001. (FAC ¶ 1.)

Fenway is a limited partner of Coach America Group Holdings, L.P. ("Holdings") (Docket No. 7, Declaration of Brian Cjeka ("Cjeka Decl."), ¶ 7.)[1] Holdings is the parent of Coach America Group Holdings II ("Holdings II"). (*Id.*) Holdings II, in turn, is the parent of Coach Am Group Holdings Corp. ("Coach America"). (*Id.*) On January 3, 2012, Coach, Coach America and a number of other related entities (the "Debtors") filed voluntary petitions for bankruptcy, under chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Proceedings"). (*Id.*, ¶¶ 1 n.1, 4.) The Bankruptcy Proceedings are on-going. (*Id.*, ¶¶ 19-28.)

Coach employed Mr. Maney as the Debtors' President and Chief Financial Officer from September 2007 to February 2012, and he was a member of the Debtors' Board of Directors during that time. (*Id.*, ¶ 11; *see also* FAC ¶ 6 ("George Maney was at relevant times the chief

---

[1] Mr. Cjeka is the Chief Restructuring Officer for Coach America Holdings, Inc. ("Coach") and its affiliates. (*Id.* ¶ 1.)

2

executive officer of Coach America and was chosen for that position by Fenway.").) Coach employed Ms. Hendricks as the Debtors' President and Chief Executive Officer from February 2012 to October 2012, and she was a member of the Debtors' Board of Directors during that time. (Cjeka Decl., ¶ 13; *see also* FAC ¶ 7 ("Laura Hendricks was at relevant times the chief executive officer of Coach America and was chosen for that position by Fenway.").) Mr. Maney is a resident of Texas, and Ms. Hendricks is a resident of Tennessee. (Cjeka Decl., ¶¶ 10, 12.)

Defendants have filed a third-party complaint against Coach America and the other Debtors in which they allege that Coach America is obligated both expressly and equitably to indemnify Defendants for any judgment and all costs incurred in defending this action. (Docket No. 10, Third-Party Complaint ("TPC") ¶ 13, 16-27.)

The Court shall address specific additional facts as necessary in the remainder of this Order.

**ANALYSIS**

Defendants move to transfer this action to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. Section 1412, so that it may be referred to the Bankruptcy Proceedings. Defendants bear the burden to show that transfer is warranted. *See TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001). Because Mr. Jackson has not sued the Debtors, the Court examines whether this matter is related to the Bankruptcy Proceedings.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting and adopting test articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in *Pacor*)).

3

Mr. Jackson argues that transfer is not appropriate, because he has not sued any of the Debtors, and relies on *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009) in support of this argument. In that case, the court addressed whether the automatic stay provisions of the bankruptcy code applied to FSLA claims that the plaintiff asserted against non-debtors. The court concluded that automatic stay did not apply, because the plaintiff's claim was "not being used as an alternative route to recoup property of the estate, and therefore cannot be said to be 'related to' the bankruptcy proceeding. *Id.* at 1093. The court also based its decision in part on the fact that "[n]either party has alleged that the estate would be diminished by any judgment in favor of the plaintiff, no is there any indication in the record that [the debtor-employers] would be required to indemnify the individual managers for legal expenses or any judgment against them in this case." *Id.* Here, however, Mr. Jackson has not seriously disputed that this action is related to the Bankruptcy Proceedings. Moreover, unlike *Boucher*, this case does involve claims for indemnification, which could conceivably have an effect on the Debtors' bankruptcy estate and could alter their rights and liabilities. Thus, the Court concludes that this action is related to the Bankruptcy Proceedings.

Mr. Jackson also argues that when a case is "related to" Bankruptcy Proceedings, a court should evaluate a motion for transfer under Section 1404(a), and he contends that the Section 1404(a) factors weigh against transfer. Although there is conflict among courts as to whether a motion to transfer a case that is related to a bankruptcy proceeding is governed by Section 1404(a) or Section 1412, courts within this district have applied Section 1412. *See, e.g., Reid-Ashman Mfg. v. Swanson Semiconductor Serv., LLC*, 2008 WL 425638, at *1 (N.D. Cal. Feb. 14, 2008); *SenoRx v. Coudert Bros, LLP*, 2007 WL 2470125, at *1 (N.D. Cal. Aug. 27, 2007). The Court agrees that this motion should be evaluated under Section 1412.

Pursuant to that statute, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice *or* for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). The factors the Court should consider in determining whether a transfer is warranted under the "interests of justice" prong include: (1) the economics of estate administration; (2) the presumption in favor of the "home court;" (3)

4

judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders by those familiar with its laws; (6) the enforceability of the judgment; and (7) the plaintiff's original choice of forum, although this last factor is tempered by the presumption in favor of the home court. *See Reid-Ashman*, 2008 WL 425638, at *2; *SenoRX, Inc.*, 2007 WL 2470125, at *1; *A.B. Real Estate, Inc. v. Bruno's Inc. (In re Bruno's Inc.)*, 227 B.R. 311, 324-25 (Bankr. N.D. Ala. 1998). Of these factors, the most important is the economic and efficient administration of the estate. *SenoRX*, 2007 WL 2470125, at *1 (citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979)).

The Court finds that these factors weigh in favor of transfer. The home court in this case is the Bankruptcy Court for the District of Delaware, the court in which Debtor's bankruptcy case is pending. *Id.* (citing *Irwin v. Beloit*, 246 B.R. 421, 440 (Bankr. N.D. Ala. 2000)). Therefore, this factor weighs in favor of transfer. Second, although Jackson has not sued the Debtors, for the reaons set forth above, this matter is "related to" the Bankruptcy Proceedings and, thus, the economics of estate administration weigh in favor of transfer. In light of the claims for indemnification, judicial efficiency also favors transfer because all claims can be administered in the same district. Mr. Jackson has not proffered any evidence that he could not get a fair trial if the Court transferred this case or that there would be any difficulties in enforcing a judgment. Therefore, these factors also weigh in favor of transfer.

The "local controversies" factor does weigh against transfer. Mr. Jackson and many of the other putative class members who have consented to sue are California residents and assert claims under California law based on the conditions of their employment in California. However, Mr. Jackson also brings claims under the FLSA and has not limited his proposed classes to persons who worked in California. (*See, e.g.,* FAC ¶¶ 28, 30.) Finally, the Court can consider that Mr. Jackson chose to file suit in this District, although that choice is tempered by the presumption in favor of the Bankruptcy Court.

On balance, the Court concludes that the interests of justice factors weigh in favor of transfer. Even where a transfer is in the interests of justice, the Court also considers the factors

5

relating to the convenience of the parties, which include: (1) location of the plaintiff and defendant; (2) ease of access to necessary proof; (3) the availability of subpoena power for unwilling witnesses; and (4) expenses related to obtaining witnesses. *Reid-Ashman*, 2008 WL 425638, at *2 (citing *In re Bruno*, 227 B.R. at 325).

As noted, Mr. Jackson and a number of the other putative class members are located in California. Mr. Maney resides in Texas. Ms. Hendricks resides in Tennessee. Fenway is a limited liability company, which appears to be based in Boston, but may, at one point, have had an office in Los Angeles, California. (Tidrick Decl., ¶ 3, Ex. A.)[2] However, Mr. Cjeka attests that it is his "understanding that Fenway does not operate its business or otherwise conduct any transactions in the state of California." (Cjeka Decl., ¶ 9.) The Court also considers the fact that, by way of the Third-Party Complaint, the Debtors have been brought into this case.

There is no evidence in the record where relevant employment records are located. Mr. Tidrick attests that the relevant witnesses are primarily California based, but he refers only to the parties. As noted, however, Mr. Jackson has not limited his proposed classes to California residents. Neither Defendants nor Mr. Jackson have addressed the "subpoena power" factor. Mr. Jackson's counsel is located in California, and he attests that it would be more costly and inconvenient to pursue the litigation in Delaware. (Tidrick Decl., ¶ 9.) Although the convenience factors weigh somewhat against transfer, Section 1412 is phrased in the disjunctive. *See* 28 U.S.C. § 1412. Because the interests of justice factors weigh strongly in favor of transfer, the Court finds that Defendants have met their burden to show transfer is appropriate in this case.

//
//
//
//
//

---

[2] The Court overrules Defendants' objections to this exhibit.

6


Case 1:13-cv-00858-LPS   Document 53   Filed 04/08/13   Page 7 of 7 PageID #: 422

For the foregoing reasons, the Court GRANTS the Defendants' motion to transfer this action to the United States District Court for the District of Delaware. The Clerk shall transfer the action forthwith and shall close this file.

**IT IS SO ORDERED.**

Dated: April 8, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California