**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JACKSON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FENWAY PARTNERS, LLC, LAURA HENDRICKS, GEORGE MANEY, and DOES 1-20,<br><br>    Defendants.<br>_____/<br>FENWAY PARTNERS, LLC, LAURA HENDRICKS, and GEORGE MANEY,<br><br>    Third-Party Plaintiffs<br><br>  v.<br><br>COACH AM GROUP HOLDINGS, CORP., *et al.*,<br><br>    Third-Party Defendants.<br>_____/ | No. C 13-00005 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND INSTRUCTIONS TO CLERK** |

This matter comes before the Court upon consideration of the motion for reconsideration filed by Plaintiff, James Jackson ("Mr. Jackson"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY DENIES Mr. Jackson's motion.

## BACKGROUND

On April 8, 2013, the Court granted a motion to transfer filed by Defendants and Third-Party Plaintiffs, Fenway Partners, LLC ("Fenway"), George Maney ("Mr. Maney"), and Laura Hendricks ("Ms. Hendricks"). The Court determined that this matter was related to a bankruptcy matter pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Proceedings"), in part because Fenway, Mr. Maney, and Ms. Hendricks each had asserted claims for indemnification against the third party defendants, who were the debtors in the Bankruptcy Proceedings. (*See* Docket No. 53, Order Granting Motion to Transfer ("Transfer Order") at 4:1-15.) Applying 28 U.S.C. Section 1412, which is phrased in the disjunctive the Court concluded that although the convenience factors the interests of justice weighed somewhat against transfer, the interests of justice factors weighed strongly in favor of transfer, and granted the motion to transfer. (*Id.* at 4:16-6:21.) Accordingly, the Court transferred this matter to the United States District Court for the District of Delaware, so that could be referred to the Bankruptcy Proceedings.

Mr. Jackson filed a motion for leave to file a motion for reconsideration. Because the Court overlooked the fact that, after the parties had fully briefed the motion to transfer, but before the Court ruled on the motion to transfer, Mr. Jackson dismissed his claims against Mr. Maney and Ms. Hendricks, the Court granted Mr. Jackson leave to file a motion for reconsideration. The Court ordered that the motion should be limited to the issue of indemnification and how Mr. Jackson's decision to dismiss claims against Mr. Maney and Ms. Hendricks impacted the analysis of whether this case is related to the Bankruptcy Proceedings.

## ANALYSIS

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. ... There may also be other, highly unusual, circumstances warranting reconsideration." *School District No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The issue before the Court is whether Mr. Jackson's decision to dismiss his claims against Mr. Maney and Ms. Hendricks alters the Court's determination that this matter is related to the Bankruptcy Proceedings.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Feitz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting and adopting test articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in *Pacor*)).

Although Mr. Jackson dismissed his affirmative claims against Ms. Hendricks and Mr. Maney, neither Mr. Maney nor Ms. Hendricks have dismissed their claims for express and equitable indemnification against the debtors in the Bankruptcy Proceedings. The same is true for Fenway. Mr. Jackson argues that none of these claims are legally viable and, thus, cannot conceivably have any effect on the bankruptcy estate. Specifically, Mr. Jackson argues that none of the contractual provisions cited in the Third-Party Complaint can support Fenway's claim for express indemnification. Fenway implicitly concedes this point. However, Mr. Maney and Ms. Hendricks have not dismissed their claims for express indemnification.

Mr. Jackson also argues that Fenway's claim for equitable indemnification is not viable. Delaware law does recognize claims for equitable indemnification under certain circumstances. *See, e.g., Pierce Associates, Inc. v. The Nemours Foundation*, MIG *Investments,* 865 F.2d 530, 544 (3rd Cir. 1989); *MIG Investments, LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 510 (D. Del. 2012); *New Zealand Kiwifruit Marketing Board v. City of Wilmington,* 825 F. Supp. 1180, 1191 (D. Del. 1993); *Ianire v. University of Delaware*, 255 A.2d 687, 692 (Del. Super. 1969). On this record, and at this early stage of the litigation, this Court cannot say, as a matter of law, that Fenway's claim for equitable indemnification would fail. *See, e.g.. In re River Center Holdings, LLC*, 288 B.R. 59, 65 (Bankr. S.D.N.Y. 2003) (an indemnification that has a "reasonable legal basis" will satisfy the conceivable effects test).

The Court finds no basis to revisit its decision that this case is related to the Bankruptcy Proceedings. Similarly, because Mr. Maney and Ms. Hendricks remain parties to the litigation by way of their Third-Party Complaint, the Court finds no basis to revisit its evaluation of the interests of justice and convenience factors. Accordingly, the Court DENIES Mr. Jackson's motion for reconsideration, and it lifts the stay on the transfer order. The Clerk shall transfer this action to the United States District Court for the District of Delaware.

**IT IS SO ORDERED.**

Dated: May 15, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE